ARMOUR FERTILIZER CO. *vs.* FRANK J. TUTTLE

Penobscot.    Opinion November 16, 1927.

*Where the obligors of a note jointly and severally contract the creditor may treat the contract as joint or several at his election and may join all in the same action or sue each one separately.*

*Where an instrument is made payable at a bank, presentment is not necessary in order to charge the person primarily liable.*

On exceptions.    An action on a promissory note against one of two makers, the note being a joint and several note.    The defendant demurred generally contending that an indorser and another maker should have been joined as parties defendant, and further contended that the declaration did not aver that presentment was made according to the tenor of the instrument.    The demurrer was overruled and defendant excepted.    Exceptions overruled.

The case fully appears in the opinion.

*Charles P. Conners*, for plaintiff.

*George E. Thompson* and *Ross St. Germain,* for defendant.

SITTING:  WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, PATTANGALL, JJ.

PHILBROOK, J.  This is an action on a promissory note payable to the order of H. C. Humphreys, trustee, signed by the defendant and by one Benjamin Bubar, who filed a petition in bankruptcy after he signed the note.    The note bears date of May 4, A. D. 1921, according to the declaration in the writ, and was due on October 1, A. D. 1921.    After setting forth the date of execution and the date of maturity the declaration alleges that "on the same day" Humphreys endorsed and delivered the note to the plaintiff.    Thus it is not ab-

solutely certain whether "the same day" refers to May 4 or October 1, but from the context we feel justified in assuming that the endorsement and delivery were on the earlier date. Bubar and Humphreys were not made parties to the suit.

The writ was dated March 28, A. D. 1925, and made returnable on the first Tuesday of May, A. D. 1925. At the November term, A. D. 1926, several terms having intervened and no pleadings having been filed, the defendant presented a motion asking that, at the discretion of the Court, he might be allowed to plead at that time. During the same November term a general demurrer was filed, joined, and overruled. To this ruling the defendants excepted.

The bill of exceptions is in the following language: "Action on a joint and several note signed by Frank J. Tuttle, the defendant in this suit, and by Benjamin Bubar, 'who has since filed a petition in bankruptcy,' 'payable to the order of one H. C. Humphrey, trustee,' and which, by the pleadings, is now held by Armour Fertilizer Works, who sues Tuttle, the note having been endorsed by said H. C. Humphrey, trustee.

"The date of the note is May 4th, 1921, and was payable 'October 1, after date,' at Corinna Trust Co. Bank, Corinna, Maine, 'with interest at the rate of six percent per annum from October 1, until paid.' The date of the writ is March 28, 1925 (three and one-half years after maturity).

"Plaintiff brought his action against Frank J. Tuttle, declaring on the note as appears by his writ, to the writ and declaration the defendant files a general demurrer; this general demurrer was overruled by the Justice presiding and ordered judgment on the note to issue in favor of the plaintiff."

The defendant also assigned, as special reasons for his exceptions, that:

1. H. C. Humphrey, trustee, was not joined as a party defendant, he having endorsed the note to the holder, thereby becoming as defendant contends so far as the holder is concerned, a joint promissor with the makers.

2. That the declaration fails to aver that presentment was made according to the tenor of the instrument.

3.  That the declaration shows a postponement by the holder of his rights to enforce the instrument at maturity.

The declaration, writ, demurrer and joinder are made a part of the exceptions.

For some reason best known to the parties the note on which suit was brought is not made part of the record in the case but the declaration expressly states that it was a joint and several note. The effect of the demurrer filed by the defendant is to admit all matters of fact sufficiently pleaded. But we also observe in the bill of exceptions that the defendant avers that the action was on a joint and several note. Thus by admitting the fact pleaded in the declaration, as well as by the statement in the bill of exceptions, it must be held that the note in suit is a joint and several note. Therefore, the claims made by the defendant in support of his demurrer, pertinent to questions which would arise where a joint note was the subject of suit, are not applicable to the case at bar, and we must consider the questions before us as relating to a suit upon a joint and several note. The note in question, according to the declaration, as we have seen, was dated May 4, A. D. 1921 which was subsequent to the enactment of the so-called Uniform Negotiable Instruments Act which was passed by the Maine Legislature, approved April 7, A. D. 1917 and became effective ninety days after the adjournment of the legislature which passed it. The provisions of the Uniform Negotiable Instruments Act therefore apply in the case at bar.

As holder of the note in question the plaintiff is deemed prima facie to be a holder in due course and may enforce payment of the instrument for the full amount thereof against all parties liable thereon. But the Uniform Negotiable Instruments Act, in case of a joint and several note, does not compel the indorsee to join all parties liable in an action to enforce payment of the note, and hence by section 196 of the Act the rules of the law merchant govern.

Where the obligors of a note jointly and severally contract the creditor may treat the contract as joint or several at his election and may join all in the same action or sue each one separately. 3 R. C. L. 1140, and cases there cited, including *Bangor Bank* v. *Treat*, 6 Maine, 207. Corpus Juris, vol. 8, p. 850, declares the rule in most states to be that an action on a joint and several note may be against any one

of such makers severally, or against them all jointly. In our state this rule was adopted in *Turner* v. *Whitmore*, 63 Maine, 526; *Bangor Bank* v. *Treat*, supra; and *Harwood* v. *Roberts*, 5 Maine, 441.

The second reason advanced by the defendant in support of his exceptions is that the declaration fails to aver that presentment was made according to the tenor of the instrument. Uniform Negotiable Instruments Act, section seventy-five, provides that where the instrument is payable at a bank, presentment for payment must be made during banking hours, unless the person to make payments has no funds there to meet it at any time during the day, in which case presentment at any hour before the bank is closed on that day is sufficient. The note in suit was payable at a bank, viz.: Corinna Trust Co. Bank, Corinna, Maine. But section seventy of the Uniform Negotiable Instruments Act provides that presentment for payment is not necessary in order to charge the person primarily liable. The defendant was primarily liable, hence no presentment was necessary and failure to allege presentment does not make the declaration demurrable.

The third reason advanced by the defendant in support of his exceptions is that the declaration shows a postponement by the holder of his rights to enforce the instrument at maturity. This reason must be disposed of by stating that such delay, if there be any which affects the right of the parties, is not a subject of demurrer.

After careful consideration of all questions advanced by the defendant we are of opinion that the mandate must be

*Exceptions overruled.*